MARGO A. FEINBERG (SBN 100655)
HENRY M. WILLIS (SBN 82981)
KIRILL PENTESHIN (266931)
Schwartz, Steinsapir, Dohrmann & Sommers LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5202
Telephone:  (323) 655-4700
E-mail:       margossds@aol.com
              hmw@ssdslaw.com
              kp@ssdslaw.com

Attorneys for Proposed Intervenor United Food and Commercial
    Workers Union, Local 770

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA GROCERS ASSOCIATION, a California non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MONTEBELLO, a general law municipality,<br><br>Defendant.<br>_____<br><br>UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 770, an unincorporated association,<br><br>Proposed Intervenor. | **Case No. 2:21-cv-01011-FLA-AGR**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**<br><br>DATE:   APRIL 2, 2021<br>TIME:    1:30 p.m.<br>CTRM:  350 W. 1st Street, Courtroom 6B<br><br>Assigned for all purposes to the Hon. Fernando L. Aenlle-Rocha<br><br>Action filed: February 3, 2021 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

I     INTRODUCTION ......................................................................... 1

II    STATEMENT OF FACTS ........................................................... 2

III   ARGUMENT ................................................................................. 3

    A.    LOCAL 770 HAS THE RIGHT TO INTERVENE IN THIS ACTION ................................................................................. 3

    1.    This motion is timely ..................................................... 4

    2.    Local 770 has significant protectable interests in the Ordinance ..................................................................... 4

        a.    Local 770 has a significantly protectable interest as a supporter of the Ordinance ...................................... 4

        b.    Local 770 has a significant protectable interest in the benefits the Ordinance provides to its members ................. 5

    3.    Enjoining the Ordinance or declaring it unconstitutional would impair Local 770's ability to protect its interests ............... 6

    4.    The City may not adequately represent Local 770's interests ....... 7

    B.    LOCAL 770 ALSO QUALIFIES FOR PERMISSIVE INTERVENTION ........................................................................ 9

IV   CONCLUSION ........................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*American Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 12745805 (C.D. Cal. Mar. 25, 2015) ....................2, 5, 6, 8

*California Grocers Ass'n v. City of Los Angeles*, 52 Cal.4th 177 (2011) ...............8

*California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) .............3

*Californians for Safe & Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998) ....................................................................2, 6

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ..........................................................................................................4

*Doe v. Pryor*, 344 F.3d 1282 (11th Cir. 2003) ........................................................6

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ..............................................3

*Employee Staffing Services v. Aubry*, 20 F.3d 1038 (9th Cir. 1994) .......................9

*Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) ..............................................................................................5, 6, 8

*Golden Gate Restaurant Ass'n v. City & County of San Francisco*, No. C 06-06997 JSW, 2007 WL 1052820 (N.D. Cal. April 5, 2007) ...............................5, 6, 8

*Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) ..........................................7

*Hope Clinic v. Ryan*, 249 F.3d 603 (7th Cir. 2001) ................................................6

*Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392 (9th Cir. 1995) ......................4

*Northwest Forest Resources Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ..........................................................................................................9

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ..................................................6

*Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983) ..........................4, 7, 8

*Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) ......................................4

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ...........................................4, 7

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ......................................................................................................3, 7

*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) .........................................7

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) .......................5

*United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) ..........................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TABLE OF AUTHORITIES (cont.)

**Page**

### CASES (cont.)

*Vivid Entertainment, LLC v. Fielding*, 774 F.3d 566 (9th Cir. 2014) ......................4

*Washington State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627
    (9th Cir. 1982) ...............................................................................................4

### FEDERAL RULES

Fed. R. Civ. P. 12(a)(1)(A)(i) ...................................................................................4

Fed. R. Civ. P. 24(b)(3) .........................................................................................6, 9

### OTHER AUTHORITIES

6 James Wm. Moore, et al., Moore's Federal Practice § 24.03[4][a]
    (3d ed. 1999) ..............................................................................................7

# I.

## INTRODUCTION

United Food and Commercial Workers Local 770 ("Local 770" or "the Union"), a labor union that represents grocery and drug store and other retail workers in Montebello and Los Angeles County, brings this motion for leave to intervene in this action. The City and Plaintiff California Grocers Association do not oppose Local 770's intervention. Local 770 files this brief to provide to explain why the Court should grant intervention.

The City of Montebello's Premium Pay for Grocery and Drug Store Workers Ordinance ("Ordinance") requires that large grocery and drug stores pay frontline workers an hourly premium to compensate them for special risk they face during the pandemic and to encourage their retention. Local 770 was a principal advocate for passage of the Ordinance and represents many grocery and drug store employees within the City of Montebello who are benefited by it.

CGA has sued the City, alleging that the Ordinance is preempted by federal labor law and violates the Equal Protection and Contract Clauses of the U.S. and California Constitutions. More particularly, CGA claims that Local 770 has improperly used the political process to obtain benefits for the employees it represents that it could not obtain through collective bargaining.[1]

Local 770 seeks leave to intervene in this lawsuit to defend its interest as a principal proponent of the Ordinance and its members' interests in the Ordinance's increased pay for hazardous work. Courts regularly grant intervention to unions

---

[1] In its Complaint CGA alleges that another Southern California United Food & Commercial Workers local union, Local 324, campaigned for passage of the Montebello ordinance. This is most likely only a drafting error, as these allegations appear to be borrowed from CGA's companion action against the City of Long Beach. Local 324, which represents grocery workers in the City of Long Beach, supported the adoption of the City of Long Beach's Ordinance, but had no role in advocating for passage of a similar ordinance by the City of Montebello.

1

seeking to defend protective legislation that benefits their members and for which they lobbied. *See*, *e.g.*, *Californians for Safe & Competitive Dump Truck Transportation v. Mendonca,* 152 F.3d 1184, 1189-90 (9th Cir. 1998); *American Hotel & Lodging Ass'n v. City of Los Angeles,* No. CV 14-09603-AB (SSX), 2015 WL 12745805, at *1 (C.D. Cal. Mar. 25, 2015).

Local 770 has a right to intervene in this matter. This motion is timely— filed weeks after CGA filed its complaint. Local 770 has a significant protectable interest in the Ordinance, both as its proponent and as a union whose members benefit from it. Those interests would be impaired by an injunction preventing the City from enforcing the Ordinance and by the possible *stare decisis* effect of a declaration that the Ordinance is unconstitutional on Local 770 members' private actions to enforce the measure. Finally, the City may not adequately represent Local 770's interests in the Ordinance because Local 770's interests are narrower and more focused than those of the public at large.

Additionally, Local 770 can contribute to the Court's understanding of this case through knowledge of the grocery and drug retail industry and experience in the constitutional and federal preemption issues that CGA raises.

## II

## STATEMENT OF FACTS

Local 770 is a labor union that represents grocery and drug store workers in Southern California, including many who work at grocery and drug stores in the City and are covered by the Ordinance. Local 770 was a principal supporter of the Ordinance.

The Ordinance provides grocery and drug store workers an additional four dollars per hour of work. Ordinance, §5.10.060. It exempts stores with fewer than 300 employees nationwide or an average of fifteen or fewer employees per store in the City. *Id.* at § 5.10.050.

//

1  The Ordinance is intended to "compensate[] grocery or drug store workers
2  for the risks of working during a pandemic[,]" noting such workers face
3  "magnified risks of catching or spreading the COVID-19 disease because the
4  nature of their work involves close contact with the public[.]" *Id.* at § 5.10.010.
5  The Ordinance is also designed to "ensure[] the retention of these essential workers
6  who are on the frontlines of this pandemic providing essential services and who are
7  needed throughout the duration of the COVID-19 emergency." *Id.*

8  The City passed the Ordinance as an emergency measure, and it expires after
9  180 days unless the City extends it. *Id.* at § 5.10.060(C). In order to ensure that the
10 Ordinance is not rendered a nullity, the Ordinance prohibits grocery and drug
11 stores from reducing workers' pay or earning capacity in response to the
12 Ordinance. *Id.* at § 5.10.070. It also provides workers a private right of action to
13 enforce the Ordinance. *Id.* at 5.10.130.

14                                    **III**

15                               **ARGUMENT**

16  **A.    LOCAL 770 HAS THE RIGHT TO INTERVENE IN THIS ACTION**

17  The Ninth Circuit interprets Rule 24(a) liberally in favor of intervention.
18 *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006);
19 *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998). All well-pleaded,
20 nonconclusory allegations in the motion to intervene and accompanying pleadings
21 are accepted as true "absent sham, frivolity or other objections." *Southwest Center*
22 *for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Courts apply a
23 four-part test to determine whether intervention is appropriate:

24      (1) the motion must be timely; (2) the applicant must claim a
        "significantly protectable" interest relating to the property or
25      transaction which is the subject of the action; (3) the applicant must be
        so situated that the disposition of the action may as a practical matter
26      impair or impede its ability to protect that interest; and (4) the
        applicant's interest must be inadequately represented by the parties to
27      the action.

28 //

                                       3

1  *Sierra Club v. EPA,* 995 F.2d 1478, 1481 (9th Cir. 1993). Local 770 meets all four

2  requirements.[2]

3        **1.**    **This motion is timely**

4        This motion was filed weeks after the complaint, so it is timely. *See, e.g.,*

5  *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 897 (9th

6  Cir. 2011) (intervention motion filed less than three months after complaint

7  timely); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)

8  (intervention motion filed four months after complaint timely). The City has not

9  yet filed a responsive pleading, and this motion is brought within the window for

10  such a pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

11        **2.**    **Local 770 has significant protectable interests in the Ordinance**

12        Local 770 has two separate interests in the Ordinance each sufficient to

13  support intervention of right. First, it supported the passage of the Ordinance.

14  Second, Local 770's members are direct beneficiaries of the Ordinance's premium

15  pay requirement.

16        **a.**    <u>**Local 770 has a significantly protectable interest as a**</u>

17              <u>**supporter of the Ordinance**</u>

18        "[A] public interest group [is] entitled as a matter of right to intervene in an

19  action challenging the legality of a measure which it supported." *Sagebrush*

20  *Rebellion v. Watt*, 713 F.2d 525, 526-27 (9th Cir. 1983) (citing *Washington State*

21  *Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982)); *see*

22  *also Idaho Farm Bureau*, 58 F.3d at 1397 ("[a] public interest group is entitled as a

23  matter of right to intervene in an action challenging the legality of a measure it has

24  supported."). Local 770 was a primary supporter of the Ordinance's passage and is

25  entitled as a matter of right to defend the law.

26

27            [2] Intervenors do not need to demonstrate Article III standing. *See Vivid*

28  *Entertainment, LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014).

4

The Complaint puts the United Food and Commercial Workers' support for the Ordinance at issue, which is another reason that intervention of right is warranted. The Complaint alleges that the stated purposes of the Ordinance are "merely an attempt to impose a public policy rationale on interest-group driven legislation for labor unions and, in particular, for [Local 770]."[3] Doc. 1, ¶35; Doc. 1, ¶16 (describing the Union and its parent union's campaign to secure hazard pay for grocery and drug store workers). This action thus seeks to punish Local 770 for engaging in constitutionally protected petitioning activity to pass legislation beneficial to the grocery and drug store workers it represents and to discredit that legislation based on Local 770's advocacy. Local 770 is entitled to intervene to protect its right to engage in the legislative process.

### b. **Local 770 has a significant protectable interest in the benefits the Ordinance provides to its members**

Unions have a protectable interest where their members' interests are implicated. *See, e.g.*, *United States v. City of Los Angeles*, 288 F.3d 391, 398-99 (9th Cir. 2002) (finding police officers' union had a protectable interest because the complaint sought injunctive relief affecting the union's members); *American Hotel & Lodging Ass'n*, 2015 WL 12745805 at *3-4 (finding unions had a protectable interest because members received benefits from minimum-wage ordinance); *Golden Gate Restaurant Ass'n v. City & County of San Francisco*, No. C 06-06997 JSW, 2007 WL 1052820, at *2 (N.D. Cal. April 5, 2007) (finding unions had a protectable interest in defending against challenge to local health-care ordinance from which unions' members received benefits). For instance, the Ninth Circuit held a union had a protectable interest in defending California's prevailing wage law against a claim that it was preempted because the union's members had an

---

[3] As noted in footnote 1, the Complaint misnames the Union as "Local 324." The parties have agreed to permit Local 770's intervention in this action without the need for a formal amendment of the Complaint to correct that misnomer.

interest in "receiving the prevailing wage for their services as opposed to a substandard wage." *Mendonca,* 152 F.3d at 1189-90. Similarly, Local 770's members have an interest in receiving fair and equitable compensation for the considerable risks they face while providing an essential service during the COVID-19 pandemic.

Either Local 770's interest as a proponent of the measure or its members' interest in receiving the Ordinance's benefits is sufficient to satisfy this prong of the Rule 24(a) test for intervention as of right.

**3.      Enjoining the Ordinance or declaring it unconstitutional would impair Local 770's ability to protect its interests**

A party is entitled to intervene when "their interests would as a *practical matter* be impaired or impeded by the disposition of [the] action." *Berg*, 268 F.3d at 822 (emphasis added); *see also* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment (stating party is entitled to intervene if a determination in an action would affect them "in a practical sense").

The injunction sought by CGA would impair Local 770's members' interest in the Ordinance's hazard pay. *See Mendonca,* 152 F.3d at 1190; *American Hotel & Lodging Ass'n*, 2015 WL 12745805 at \*4; *Golden Gate Restaurant Ass'n*, 2007 WL 1052820 at \*3. It would prevent the City from enforcing the Ordinance on Local 770's members' behalf, requiring Local 770 or individual members to bear the cost of enforcing the Ordinance via the Ordinance's private right of action. *Cf. Hope Clinic v. Ryan*, 249 F.3d 603, 605 (7th Cir. 2001) (holding private right of action cannot be enjoined in case with only public defendants); *see also Doe v. Pryor*, 344 F.3d 1282 (11th Cir. 2003) (same); *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc) (same).

State court enforcement through the Ordinance's private right of action could also be hindered through the *stare decisis* effect of a declaration that the Ordinance is unconstitutional. That is yet another ground for allowing intervention. *See*

1   *Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993) (*citing United States v.*

2   *Oregon,* 839 F.2d 635, 638 (9th Cir. 1988)) ("Intervention may be required when

3   considerations of *stare decisis* indicate that an applicant's interest will be

4   practically impaired."); *cf. City of Los Angeles*, 288 F.3d at 397-98 ("By allowing

5   parties with a *practical* interest in the outcome of a particular case to intervene, we

6   often prevent or simplify future litigation involving related issues; at the same

7   time, we allow an additional interested party to express its views before the

8   court.").

9       **4.    The City may not adequately represent Local 770's interests**

10          Intervention is appropriate if the proposed intervenors make the "minimal"

11  showing that their interests "may be" inadequately represented by the existing

12  parties. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (granting

13  intervention to union members aligned with Secretary of Labor's position in the

14  case because Secretary had duties not only to union members but to the public

15  generally); *Sagebrush Rebellion*, 713 F.2d at 528; *Southwest Ctr. for Biological*

16  *Diversity*, 268 F.3d at 823; *see also* 6 James Wm. Moore, et al., *Moore's Federal*

17  *Practice* § 24.03[4][a] (3d ed. 1999) ("[T]he applicant should be treated as the best

18  judge of whether the existing parties adequately represent his or her interests, and

19  . . . any doubt regarding adequacy of representation should be resolved in favor of

20  the proposed intervenors.").

21          This minimal burden is satisfied when the applicant (or its members) have

22  interests that are "more narrow and parochial than the interests of the public at

23  large." *Mendonca*, 152 F.3d at 1190; *see also Sierra Club v. Espy,* 18 F.3d 1202,

24  1207-08 (5th Cir. 1994) (finding government representation of interests inadequate

25  because "[t]he government must represent the broad public interest, not just the

26  economic concerns of the timber industry").

27          Local 770 has a more narrow and parochial interest than the City because

28  CGA's labor-law preemption argument focuses on the Ordinance's alleged effects

7

on Local 770's collective bargaining agreements and negotiations. *See* Doc. 1, ¶ 26 ("The Ordinance establishes premium pay standards that, by design or consequence, empower the UFCW . . . to secure a wage rate they could not have otherwise obtained[.]") In *American Hotel and Lodging Association*, the court found a union had a "distinct interest" in defending against a plaintiff's arguments that a local minimum wage ordinance was preempted because it distorted the collective bargaining process. 2015 WL 12745805 at *5. The same is true here. Although the City has a general interest in defending the Ordinance, it does not have the same interest in responding to CGA's attempt to use Local 770's role as collective bargaining representative as a weapon against Local 770's members.

Additionally, Local 770 has a more narrow interest than the City because it solely represents the Ordinance's grocery and drug worker beneficiaries, whereas the City represents the interests of the public at large, including "businesses and employers who may claim to be harmed by the passage of the Ordinance." *Golden Gate Restaurant Ass'n*, 2007 WL 1052820, at *4.

Local 770 and its counsel can also augment the City's defense—and the Court's understanding—of this case. Local 770 has significant knowledge of the grocery and drug retail industry in general and the City's grocery and drug industry in particular. *See, e.g.*, *Sagebrush Rebellion, Inc.*, 713 F.2d at 528 (holding inadequacy shown in part by applicant "having expertise apart from that of the Secretary"). Local 770's counsel has extensive experience litigating cases challenging laws, such as the Ordinance in this case, that establish minimum labor standards as either unconstitutional or preempted by federal labor law, including cases of direct relevance to CGA's claims here.[4] This experience will aid the City in defense of the Ordinance and aid the Court in sorting through CGA's claims.

___

[4] *See, e.g.*, *California Grocers Ass'n v. City of Los Angeles*, 52 Cal.4th 177 (2011) (challenge to City of Los Angeles' Grocery Worker Retention Ordinance on federal labor law preemption grounds).

1   In light of Local 770 and its members' narrower interests in the Ordinance
2   than the public at large its interests will not be adequately represented unless it is
3   permitted to intervene.

4   **B.    LOCAL 770 ALSO QUALIFIES FOR PERMISSIVE**
5   **INTERVENTION.**

6   If there is any doubt that Local 770 qualifies for intervention of right, the
7   Court should allow permissive intervention. A court considers three factors in
8   determining whether to allow permissive intervention: (1) the existence of
9   independent grounds for jurisdiction; (2) timeliness; and (3) whether the applicant's
10   claim or defense and the main action share common questions of law or fact.
11   *Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 839 (9th Cir.
12   1996). Rule 24(b)(3) also requires the Court to consider whether "the intervention
13   will unduly delay or prejudice the adjudication of the original parties' rights." Fed.
14   R. Civ. P. 24(b)(3).

15   Local 770 meets these requirements. Independent grounds for jurisdiction
16   are not required where the district court's jurisdiction is grounded in a federal
17   question and the proposed intervenor does not seek to bring new state-law claims.
18   *See Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th
19   Cir. 2011). Local 770 brings no new claims. Its application for intervention is
20   timely, coming before the City has filed an answer or motion to dismiss.
21   Intervention will not unduly delay or prejudice the original parties' rights.

22   Finally, Local 770's defenses share common questions of law and fact with
23   the City's defense of the ordinance. Permissive intervention should be granted if
24   mandatory intervention is not. *See Employee Staffing Services v. Aubry*, 20 F.3d
25   1038, 1042 (9th Cir. 1994) (affirming permissive intervention of labor group to
26   defend measure it supported).

27   //
28   //

1

**CONCLUSION**

2       For the foregoing reasons, the Court should grant Local 770's motion to

3 intervene.

4

5 Dated: March 4, 2021              Respectfully Submitted,

6

7                     SCHWARTZ, STEINSAPIR,
DOHRMANN & SOMMERS, LLP

8                     MARGO A. FEINBERG
HENRY M. WILLIS

9                     KIRILL PENTESHIN

10

11                     By:  */s/ Henry M. Willis*

12                            HENRY M. WILLIS

13                   *Attorneys for Proposed Intervenor United Food and Commercial Workers, Local 770*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10